UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

FATMA FERJANI, AFIFA BACCOUCHE,
RODELINE HILAIRE and AYLONN GDAIEM,
on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

MAXIMUS FEDERAL SERVICES, INC.,
a Florida corporation,

        Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff, FATMA FERJANI, AFIFA BACCOUCHE, RODELINE HILAIRE, and AYLONN GGAIEM on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and sues the Defendant, MAXIMUS FEDERAL SERVICES, INC., a Florida corporation (hereinafter, referred to as "Defendant") and allege as follows:

1. That Plaintiffs, former employees of Defendant, bring this collective action on behalf of themselves and all other similarly situated employees of Defendant, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq..

2. That jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. That the unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. That at all times material hereto, Plaintiffs, and others similarly situated, were and are presently residents of this judicial district, *sui juris* and otherwise within the jurisdiction of this Court.

5. That at all times material hereto, Defendant was the employer of the Plaintiffs, and

1

others similarly situated, was conducting business in this judicial district and was an 'employer' under the FLSA.

6. Defendant has been, at all times material, engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.[1]

7. That at all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

8. That at all times material hereto, Plaintiffs, and others similarly situated, were 'engaged in commerce' within the meaning of the FLSA.

9. That the Plaintiff, FATMA FERJANI was hired as a non-exempt employee by the Defendant and was employed from February 28-October 15, 2020.

10. That the Plaintiff, AFIFA BACCOUCHE was hired as a non-exempt employee by the Defendant and was employed from April 18-October 15, 2020.

11. That the Plaintiff, RODELINE HILAIRE was hired as a non-exempt employee by the Defendant and was employed from February 28-October 15, 2020.

12. That the Plaintiff, AYLONN GDAIEM was hired as a non-exempt employee by the Defendant and was employed from April 18-October 15, 2020.

13. That during Plaintiffs employment, Defendant's required Plaintiffs, non-exempt employee under the FLSA, and others similarly situated, to work in excess of forty (40) hours per work-week, and willfully refused to properly compensate Plaintiffs, and others similarly situated, for

---

[1] A Plaintiff "need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his." Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1378–79 (S.D. Fla. 2012); see Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc., 2008 WL 793660, at *2 (M.D.Fla. 2008) ("bare bones allegations" of gross sales are acceptable; requiring more would only encourage "gross speculation" from the plaintiff and would "not provide the defendant with meaningful information because the defendant already has [ ] such information") (citation omitted). Pleading that a defendant's "gross annual revenues meet this threshold on 'information and

all such work pursuant to the FLSA.

14. Specifically, Plaintiffs were regularly being shorted for time logging into the Defendant's Clear-to-Work application, which began in May of 2020.

15. This log-in process would take approximately 15-20 minutes everyday to answer all of the required questions to be submitted before the Plaintiffs, and others similarly situated, could begin work.

16. This also does not even take into account the time spent when issues arose from the app: for example, the app would not open causing the confirmation page to have to be printed from a UPS store on a USB drive, none of which was compensated time.

17. Also if there were phone or Wi-Fi issues that again required additional time before work could begin, this time that was not paid.

18. The daily time spent on the app that was not being paid was regularly occurring across the board to all employees.

19. While all records concerning the number of hours actually worked by Plaintiffs and others similarly situated are in the exclusive possession and sole custody and control of the Defendant, Plaintiff estimate approximately 2 hours of unpaid overtime per week.

20. At $22.33 per hour, the unpaid overtime using the overtime premium rate would be $33.50, or $67.00 per week.

21. Using these figures, Plaintiffs, FATMA FERJANI and RODELINE HILAIRE are each owed approximately $2,211.00 (33 weeks) in unliquidated overtime, and Plaintiffs, AFIFA BACCOUCHE and AYLONN GGAIEM are each owed approximately $1,742.00 (26 weeks) in unliquidated overtime.

---

belief,'…is enough." Id.                                3

## COUNT I
## FLSA –UNPAID OVERTIME

Plaintiffs, and others similarly situated, incorporate by reference the allegations contained in paragraphs 1 through 21 of this Complaint.

22. That Plaintiffs, and others similarly situated, are entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

23. That by reason of the intentional, willful and unlawful acts of the Defendant, in violation of the FLSA, Plaintiffs, and others similarly situated, have suffered damages.

**WHEREFORE**, Plaintiffs, FATMA FERJANI, AFIFA BACCOUCHE, RODELINE HILAIRE, and AYLONN GGAIEM, on behalf of themselves and others similarly situated, demand judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, FATMA FERJANI, demands trial by jury.

Dated: April 8, 2021.   Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920