IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 21-60770-CIV-COHN/STRAUSS

FATMA FERJANI, AFIFA BACCOUCHE,
RODELINE HILAIRE, and AYLONN
GDAIEM, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

  v.

MAXIMUS FEDERAL SERVICES, INC.,

        Defendant.
_____/

## CERTIFIED JOINT MOTION TO APPROVE SETTLEMENT

Plaintiffs Fatma Ferjani, Afifa Baccouche, Rodeline Hilaire, and Aylonn Gdaiem ("Plaintiffs") and Defendant Maximus Federal Services, Inc. ("Maximus" or "Defendant") (together, the "Parties"), by their counsel, jointly move the Court to approve the Settlement Agreement (Exhibit A), and for the entry of the proposed order dismissing this case with prejudice. In support thereof, the Parties state as follows:

    1.    Plaintiffs initiated this action on April 8, 2021 by filing a Complaint against Maximus alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") (the "Action"). (ECF 1.) In the Complaint, Plaintiffs allege that the process of completing the Clear2Work screening assessment would take them approximately 15 to 20 minutes every day and that they were not compensated for this time. (ECF 1, ¶¶ 15, 18.)

2. On May 6, 2021, Named Plaintiffs moved to conditionally certify a collective action and for authorization to issue notice to putative members of the collective. (ECF 14.)

3. Maximus filed an Answer denying Plaintiffs' material allegations and asserting affirmative defenses to the Complaint (ECF 21), and a month later, opposed Plaintiffs' conditional certification motion (ECF 27).

4. On July 21, 2021, the Court entered an order conditionally certifying a class of "[a]ll current and former hourly employees of the Defendant who used the Clear2Work application since May 1, 2020." (ECF 29.)

5. Notice of the Action was mailed to the conditionally certified class August 19, 2021, and the initial opt-in period closed on October 18, 2021. Notice of the Action was then mailed to a supplemental group of potential opt-in plaintiffs on December 7, 2021, and the second opt-in period closed on February 7, 2022. In total across both opt-in periods, 343 individuals filed consent forms to join the Action in addition to the four named Plaintiffs.

6. The Parties thereafter agreed to pursue settlement discussions, and on March 23, 2022, the Parties attended a mediation with mediator Anne Marie Estevez. On April 4, 2022, the Parties notified the Court that the Parties agreed on the material terms of a settlement agreement, subject to preliminary and final approval of the Settlement and dismissal of the action with prejudice by the Court. (ECF 83.)

7. On April 5, 2022, the Court issued an Order staying the remaining pretrial deadlines pending a ruling on the Parties' motion for approval of the settlement. (Paperless Order, 04/05/2022.)

8. The Parties have now negotiated a full and final settlement, including the payment of attorneys' fees and costs, memorialized in the Settlement Agreement attached as Exhibit A, and submit this agreement for Court review pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).

WHEREFORE, the Parties respectfully request that this Honorable Court issue an order: (1) approving the settlement set forth in the Settlement Agreement (Exhibit A) and Individual Settlement Agreements (Exhibits A(2), A(3); (2) approving the proposed Notice of Settlement (Exhibit A(4)), and directing its distribution and the distribution of the Individual Settlement Payments; (3) approving a Service Award of $2,750 to each Named Plaintiff; (4) approving Plaintiffs' request for attorneys' fees in the amount of $21,651.77 and litigation costs in the amount of $13,051.02; (5) approving the Settlement Administrator's fees and costs not to exceed $11,000.00, to be paid by Defendant; and (6) incorporating the terms of the Settlement Agreement and dismissing this case with prejudice.

## CERTIFICATE OF PRE-FILING CONFERENCE

The undersigned certifies that counsel for Plaintiffs and Defendant have conferred regarding the relief sought in this motion as required by Local Rule 7.1(a)(3), and neither party opposes the Court granting the relief requested herein.

Respectfully submitted,

| | |
|---|---|
| EPSTEIN BECKER & GREEN, P.C. | LAW OFFICERS OF LEVY & LEVY, P.A. |
| By: /s/ *Robert R. Hearn* | By: /s/ *Chad E. Levy* |
| Robert R. Hearn | Chad E. Levy |
| FL Bar No. 0067687 | FL Bar No. 0851701 |
| | |
| One Beach Drive, SE | 1000 Sawgrass Corporate Parkway |
| Suite 303 | Suite 588 |
| St. Petersburg, Florida 33701 | Sunrise, Florida 33323 |
| Telephone: 727.346.3767 | Tel: 954.763.5722 |
| Fax: 888.509.0788 | Fax: 954.763.5723 |
| RHearn@ebglaw.com | chad@levylevylaw.com |
| | |
| *Counsel for Defendant* | *Counsel for Plaintiffs* |

May 5, 2022

## DECLARATION OF ROBERT R. HEARN

I, Robert R. Hearn, an attorney admitted to practice before this Court, hereby declare pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1.  I am a member of the firm of Epstein Becker & Green, P.C., counsel for defendant Maximus Federal Services, Inc. in the above-captioned action.  I am fully aware of the facts and circumstances of this action as attorney of record and my review of the files maintained by this firm.  The statements I make in the foregoing notice and motion are based upon my personal knowledge unless otherwise stated herein.

2.  The facts set forth in the parties' joint notice and motion are true and correct to the best of my knowledge.

3.  The parties agree that the relief sought in the foregoing motion is appropriate, will benefit the administration of this case, and is sought in good faith by the parties.

EPSTEIN BECKER & GREEN, P.C.

By: */s/ Robert R. Hearn*
    Robert R. Hearn
    FL Bar No. 0067687

One Beach Drive, SE
Suite 303
St. Petersburg, Florida  33701
Telephone: 727.346.3767
Fax: 888.509.0788
RHearn@ebglaw.com

*Counsel for Defendant*

May 5, 2022

## DECLARATION OF CHAD E. LEVY

I, Chad E. Levy, an attorney admitted to practice before this Court, hereby declare pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1. I am a member of the firm of Law Offices of Levy & Levy, P.A., counsel for Plaintiffs in the above-captioned action. I am fully aware of the facts and circumstances of this action as attorney of record and my review of the files maintained by this firm. The statements I make in the foregoing notice and motion are based upon my personal knowledge unless otherwise stated herein.

2. The facts set forth in the parties' joint notice and motion are true and correct to the best of my knowledge.

3. The parties agree that the relief sought in the foregoing motion is appropriate, will benefit the administration of this case, and is sought in good faith by the parties.

LAW OFFICES OF LEVY & LEVY, P.A.

By: /s/ Chad Levy
    Chad E. Levy
    FL Bar No. 0851701

1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com

*Counsel for Plaintiffs*

May 5, 2022

FIRM:55788575

## DECLARATION OF DAVID M. COZAD

I, David M. Cozad, an attorney admitted to practice before this Court, hereby declare pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1. I am a member of the firm of Law Offices of Levy & Levy, P.A., counsel for Plaintiffs in the above-captioned action. I am fully aware of the facts and circumstances of this action as attorney of record and my review of the files maintained by this firm. The statements I make in the foregoing notice and motion are based upon my personal knowledge unless otherwise stated herein.

2. The facts set forth in the parties' joint notice and motion are true and correct to the best of my knowledge.

3. The parties agree that the relief sought in the foregoing motion is appropriate, will benefit the administration of this case, and are sought in good faith by the parties.

LAW OFFICES OF LEVY & LEVY, P.A.

By: /s/ David M. Cozad
    David M. Cozad
    FL Bar No. 333920

1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: david@levylevylaw.com
Service Email: assistant@levylevylaw.com

*Counsel for Plaintiffs*

May 5, 2022

## DECLARATION OF PETER R. SIEGEL

I, Peter R. Siegel, an attorney admitted to practice before this Court, hereby declare pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1. I am a member of the firm of Greenspoon Marder LLP, counsel for Plaintiffs in the above-captioned action. I am fully aware of the facts and circumstances of this action as attorney of record and my review of the files maintained by this firm. The statements I make in the foregoing notice and motion are based upon my personal knowledge unless otherwise stated herein.

2. The facts set forth in the parties' joint notice and motion are true and correct to the best of my knowledge.

3. The parties agree that the relief sought in the foregoing motion is appropriate, will benefit the administration of this case, and is sought in good faith by the parties.

> GREENSPOON MARDER LLP
>
> By: /s/ Peter R. Siegel
>     Peter R. Siegel
>     FL Bar No. 988634
>
> 200 E. Broward Boulevard
> Suite 1800
> Ft. Lauderdale, FL 33301
> Telephone: (954) 491-1120
> Facsimile: (954) 267-8027
> Email: peter.siegel@gmlaw.com
>
> *Counsel for Plaintiffs*

May 5, 2022

8

FIRM:55788575

## DECLARATION OF ALEJANDRO I. LEIVA

I, Alejandro I. Leiva, an attorney admitted to practice before this Court, hereby declare pursuant to 28 U.S.C. § 1746 under the penalty of perjury:

1. I am a member of the firm of Greenspoon Marder LLP, counsel for Plaintiffs in the above-captioned action. I am fully aware of the facts and circumstances of this action as attorney of record and my review of the files maintained by this firm. The statements I make in the foregoing notice and motion are based upon my personal knowledge unless otherwise stated herein.

2. The facts set forth in the parties' joint notice and motion are true and correct to the best of my knowledge.

3. The parties agree that the relief sought in the foregoing motion is appropriate, will benefit the administration of this case, and is sought in good faith by the parties.

GREENSPOON MARDER LLP

By: /s/ Alejandro I. Leiva
    Alejandro I. Leiva
    FL Bar No. 118309

600 Brickell Avenue
Suite 3600
Miami, FL 33131
Telephone: (305) 789-2770 Ext. 1687
Facsimile: (305) 537-3900
Email: alex.leiva@gmlaw.com

*Counsel for Plaintiffs*

May 5, 2022

FIRM:55788575

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 21-60770-CIV-COHN/STRAUSS

FATMA FERJANI, AFIFA BACCOUCHE,
RODELINE HILAIRE, and AYLONN
GDAIEM, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

  v.

MAXIMUS FEDERAL SERVICES, INC.,

        Defendant.

_____/

## [PROPOSED] ORDER APPROVING SETTLEMENT

**THIS CAUSE** came before the Court on the Certified Joint Motion for Approval of Settlement filed on April __, 2022 by Plaintiffs Fatma Ferjani, Afifa Baccouche, Rodeline Hilaire, and Aylonn Gdaiem ("Plaintiffs") and Defendant Maximus Federal Services, Inc. ("Defendant").

This Court has reviewed the parties' Settlement Agreement and finds that it constitutes a fair and reasonable compromise of a *bona fide* dispute.

The requested attorneys' fees and costs requested by Plaintiffs are reasonable in light of the time and expense incurred in representing Plaintiffs and litigating this case, the experience, reputation, and ability of Plaintiffs' Counsel, and the complexity of issues presented.

Based on the foregoing, after due consideration, it is hereby **ORDERED and ADJUDGED** as follows:

1. The Settlement Agreement (ECF ___) is **APPROVED**, as it is a fair and reasonable compromise of Plaintiffs' FLSA claims, including the Service Awards to Named Plaintiffs and Notice of Settlement attached thereto.

2. The Individual Settlement Agreements executed by the Named Plaintiffs (ECF ___) are **APPROVED**, including the general release contained therein, as Named Plaintiffs have received adequate consideration for such general release.

3. Plaintiffs' request for attorneys' fees in the amount of $21,651.77 and costs in the amount of $13,051.02 is **APPROVED**.

4. The Settlement Administrator's fees and costs, not to exceed $11,000.00 and paid by Defendant, are **APPROVED**.

5. The Action is hereby **DISMISSED WITH PREJUDICE**.

6. Absent further order of the Court, the Court retains jurisdiction for a limited time not to extend beyond 220 days from the date of this order to enforce the terms of the settlement agreement.

7. The Clerk is **DIRECTED** to close this case and terminate any remaining motions and deadlines.

**DONE and ORDERED** in Chambers at Fort Lauderdale, Florida, on this ____ day of May, 2022.

_____
JAMES I. COHN
United States District Judge