UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60770-CIV-COHN/STRAUSS

FATMA FERJANI, AFIFA BACCOUCHE,
RODELINE HILAIRE, and AYLONN GDAIEM,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

v.

MAXIMUS FEDERAL SERVICES, INC.,

    Defendant.
_____/

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

**THIS CAUSE** is before the Court upon the parties' Certified Joint Motion to Approve Settlement [DE 86] (the "Joint Motion").  The Court has considered the Joint Motion, the record in this case, the parties' Settlement Agreement, and is otherwise advised in the premises.

The Court finds the settlement of Plaintiffs' FLSA claims as set forth in the Settlement Agreement between Plaintiffs and Defendant to be fair and reasonable and meets the standard set forth in Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982).  Additionally, the parties have demonstrated the reasonableness of plaintiffs' agreed-upon attorney's fees because: (1) the "parties represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff"; and (2) the settlement appears reasonable on its face and there is no reason to believe that the plaintiffs' recovery was adversely affected by the amount of fees paid to plaintiffs' attorneys.  Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222,

{41403908;1}

1228 (M.D. Fla. 2009). Finally, the Court will also approve the service awards to the named Plaintiffs given that they represent separate consideration for a general release. See Dozier v. DBI Services, LLC, No. 3:18-CV-972-BJD-MCR, 2021 WL 6061742, at *9 (M.D. Fla. Dec. 22, 2021) (acknowledging Johnson v. NPAS Solutions, LLC, 975 F.3d 1244 (11th Cir. 2020) but recommending approval of a $7,500 service fee award to named plaintiff, in part because it served as consideration for the plaintiff's general release of all claims). Accordingly, it is

    **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Motion [DE 86] is **GRANTED**;

2. The Parties' Settlement Agreement is hereby **APPROVED**;

3. The Individual Settlement Agreements executed by the Named Plaintiffs are **APPROVED**;

4. The Court retains jurisdiction for 220 days from the date of this Order to enforce the terms of the Settlement Agreement;

5. The above-styled action is hereby **DISMISSED WITH PREJUDICE**, and all pending motions, if any, are **DENIED AS MOOT**; and

6. The Court directs the Clerk of the Court to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2022.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

{41403908;1}    2